UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEON CARTER,

        Petitioner,

v.                                                                                          Case No. 17-cv-1497-pp

BRIAN FOSTER,

        Respondent.

---

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 20), GRANTING MOTION TO WITHDRAW INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM (DKT. NO. 21) AND DENYING MOTION TO DISMISS (DKT. NO. 13)**

---

On October 30, 2017, Leon G. Carter filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his February 2013 conviction. Dkt. No. 1. In January 2018, the respondent filed a motion to dismiss the petition, arguing that the petitioner had failed to exhaust one of his claims in state court. Dkt. No. 13. On January 2, 2019, Judge Duffin recommended that this court grant the motion unless the petitioner either withdrew his unexhausted claim or asked the court to stay proceedings while he returned to state court to exhaust it. Dkt. No. 20. The petitioner has asked the court to allow him to withdraw the unexhausted claim. Dkt. No. 21. The court grants that motion, denies the motion to dismiss and lays out next steps.

**I.    BACKGROUND**

    A.    <u>Procedural History</u>

On February 19, 2013, a jury in Milwaukee County Circuit Court convicted the petitioner of four counts of sexual assault, one count of

strangulation and suffocation and one count of kidnapping. Dkt. No. 1 at 2. The trial judge sentenced the petitioner to sixty-three years of confinement followed by twenty-three years of extended supervision. Id. The petitioner appealed the conviction and sentence. Id. at 3.

The petitioner says that on appeal, he argued that the trial court had erred in denying his Shiffra motion,[1] in failing to conduct a retrospective inquiry and in denying his motion for a mistrial based on *ex parte* communications with the bailiff. Id. On October 16, 2014, the petitioner's appellate lawyer filed a no-merit brief, concluding that the issues of "whether the trial court's sentence was excessive," "whether [the petitioner] received a fair trial at which there was sufficient evidence for a finding of guilt" and "whether [the petitioner] received effective assistance of counsel" did not have appellate merit. Dkt. No. 14-4 at 4, 43. The petitioner objected, although he explained that he wasn't able to provide an extensive objection because the fellow inmate who'd been helping him no longer was willing to do so. Dkt. No. 14-5. In response to the court's order directing him to address some issues in more detail, appellate counsel submitted a supplemental brief, opining that additional issues—whether the trial court erred in granting the state's "other acts" motion and whether the petitioner was prejudiced by his Department of Corrections' agent's testimonial reference to "sex offenders"—had no appellate

---

[1] State v. Shiffra, 175 Wis.2d 600 (Wis. 1993), "a case where the Wisconsin Court of Appeals . . . establish[ed] procedures for an *in camera* review of a complainant's confidential records." Rizzo v. Smith, 528 F.3d 501, 506 (7th Cir. 2008).

merit. Dkt. No. 14-6. The Court of Appeals summarily affirmed the conviction on November 5, 2015. Dkt. No. 14-3.

On March 7, 2016, the petitioner sought review in the Wisconsin Supreme Court, arguing that the Court of Appeals had denied him his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to a meaningful appeal when it accepted what the petitioner characterized as an "inadequate no-merit report." Dkt. No. 1 at 3. On May 5, 2016, the Wisconsin Supreme Court denied review. Id. The petitioner filed a petition for a writ of *certiorari* with the United States Supreme Court on July 28, 2016, again arguing that the Court of Appeals had violated his Sixth and Fourteenth Amendment rights. Id. at 4. The Supreme Court denied review on November 28, 2016. Id.

    B.    <u>Federal *Habeas* Petition (Dkt. No. 1)</u>

The petition alleged that the Court of Appeals denied the petitioner his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to a meaningful appeal when it accepted the no-merit reports "without an independent review and analysis of several meritorious claims." Dkt. No. 1 at 6. Judge Duffin screened the petition under Rule 4 of the Rules Governing §2254 Cases and stated that the petitioner had alleged two claims, a Sixth Amendment claim for ineffective assistance of counsel and a Fourteenth Amendment claim for denial of the right to a meaningful appeal. Dkt. No. 9. Judge Duffin ordered the respondent to either answer the petition or file a motion to dismiss within 60 days. Id. at 2.

C. Respondent's Motion to Dismiss (Dkt. No. 13)

On January 4, 2018, the respondent moved to dismiss the petition on the ground that the petitioner had not exhausted the Sixth Amendment ineffective assistance of appellate counsel claim in state court. Dkt. No. 13. The respondent argued that the petitioner had an available state remedy to challenge whether his appellate counsel was ineffective—he could file a "Knight petition." Dkt. No. 14 at 4 (citing State v. Knight, 168 Wis. 2d 509, 512-13 (Wis. 1992)). The respondent noted that while the petitioner had presented the ineffective assistance claim to the Wisconsin *Supreme* Court, Knight required him to present it to the Wisconsin Court of Appeals, and he had not done so. Id. at 5. The respondent argued that because the petitioner had not exhausted the ineffective assistance claim, he had filed a "mixed" petition—a petition that contained both an exhausted and an unexhausted claim—which could not proceed in federal court. Id. at 4 (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)).

The petitioner responded that his petition was not "mixed." Dkt. No. 15. He contended that his only claim was that the Court of Appeals had not followed the no-merit procedures from Anders v. California, 386 U.S. 738 (1967); he stated that he had no independent claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Id. at 6.

The respondent replied that this argument "improperly combine[d] his claims in an attempt at skirting his exhaustion defect." Dkt. No. 17 at 1. The respondent reiterated that the petitioner had stated a Sixth Amendment claim,

which state law required him to raise through a writ of *habeas corpus* in the appellate court that had considered the appeal. Id. at 2 (citing Knight, 168 Wis. 2d at 512-13). The respondent argued that the "essence" of the petitioner's federal *habeas* claim was that his appellate counsel was ineffective, and that he had never raised that claim with the Wisconsin Court of Appeals. Id. at 3.

    D.    <u>Judge Duffin's Recommendation (Dkt. No. 20)</u>

Judge Duffin agreed that when he screened the petition, he had understood the petitioner to be alleging two claims—separate, but related—denial of his Fourteenth Amendment right to a meaningful appeal, and denial of his Sixth Amendment right to effective assistance of counsel. Dkt. No. 19 at 3. Judge Duffin expressed uncertainty about whether a petitioner who responds to a no-merit brief by arguing that his appellate counsel is ineffective for failing to withdraw was required to re-argue that claim in a Knight petition, but concluded that the simple fact that a defendant responds to his appellate lawyer's no-merit report "does not necessarily allege that counsel was ineffective." Id. Judge Duffin concluded that the petitioner never had suggested to the court of appeals that his appellate counsel was ineffective. Id. Given that, Judge Duffin also concluded that the petitioner had not properly exhausted the ineffective assistance of counsel claim in the Wisconsin Court of Appeals. Id. at 5. Judge Duffin found the petition to be "mixed, and because Rhines v. Weber, 544 U.S. 269, 273 (2005) prohibits a court from granting a "mixed" petition, he recommended that this court dismiss the petition unless, within twenty-eight days, the petitioner either informed the court of his wish to withdraw the

unexhausted ineffective assistance of appellate counsel claim or filed a motion asking the court to stay proceedings and hold the petition in abeyance to give him a chance to return to state court and exhaust his ineffective assistance claim with a Knight petition. Id. at 5. He warned the petitioner that withdrawing his Sixth Amendment claim would mostly likely bar the petitioner from bringing it in the future. Id. at 5-6. Finally, Judge Duffin denied the petitioner's motion to appoint counsel. Id. at 6-7.

  E. Petitioner's Response (Dkt. No. 21).

The petitioner timely filed a motion to withdraw the ineffective assistance of counsel claim. Dkt. No. 21. He asked the court to allow him to proceed with his Fourteenth Amendment claim. Id.

## II. ANALYSIS

  A. Standard of Review

Neither the petitioner nor the respondent objected to Magistrate Judge Duffin's recommendation. Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Duffin's conclusions were clearly erroneous. They were not.

  B. Discussion

The court agrees with Judge Duffin that the petitioner presented both a Fourteenth Amendment claim and a Sixth Amendment claim, that he had not

exhausted the Sixth Amendment claim and that this resulted in a "mixed" petition containing one exhausted claim and one unexhausted claim. Judge Duffin was correct in noting that a district court cannot consider "mixed" *habeas* petitions. <u>Rhines v. Weber</u>, 544 U.S. 269, 273 (2005). He was also correct in giving the petitioner the option to either dismiss the unexhausted claim or ask the court to delay ruling until he could return to state court to exhaust it.

The court will allow the petitioner to withdraw his unexhausted Sixth Amendment ineffective assistance of appellate counsel claim. It will allow the petitioner to proceed *only* on his Fourteenth Amendment claim. While the court understands that the petitioner believes his appellate lawyer should have withdrawn—or perhaps not filed—the no-merit brief, he must confine his future arguments to the question of whether the state court denied him his Fourteenth Amendment right to a meaningful appeal by accepting and adopting the no-merit brief.

Because the court is allowing the petitioner to dismiss the unexhausted claim, it will deny the motion to dismiss.

### III. CONCLUSION

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 20.

The court **GRANTS** the petitioner's motion to withdraw his unexhausted claim. Dkt. No. 21.

The court **DENIES** the respondent's motion to dismiss. Dkt. No. 13.

The court **ORDERS** that the petitioner may proceed on his Fourteenth Amendment claim that he was denied the right to a meaningful appeal.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 25th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**